**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles WILLIAMS, Defendant–**
**Appellant.**

No. 14–50363.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 19, 2015.

Jean–Claude Andre, Assistant U.S., Dinah Toùny, Assistant U.S., Office of the

U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Gia Kim, Esquire, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

Charles Williams appeals from the district court's judgment and challenges the 18–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams contends that the district court procedurally erred by failing to respond to his mitigating argument and by improperly focusing on punishment and the seriousness of the conduct underlying the revocation. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court responded sufficiently to Williams's mitigating argument and did not base the sentence on any improper considerations. *See Rita v. United States*, 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir.2007).

Williams also contends that his sentence is substantively unreasonable because the

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court gave insufficient weight to mitigating factors. The district court did not abuse its discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Williams's significant breach of the court's trust. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *Simtob,* 485 F.3d at 1062–63.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.